THOMAS SARANTOS *v.* MARY V. SARANTOS

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 89490

Memorandum filed October 2, 1953.

*Davidson & Stuart,* of Stamford, for the Plaintiff.

*Harold E. Linsley,* of Stamford, for the Defendant.

KING, J. The defendant wife was admittedly validly married to another man at the time of her purported marriage to the plaintiff, which was celebrated in Elkton, Maryland. She admitted that this subsisting marriage was unknown to the plaintiff.

It follows that the plaintiff is entitled to an annulment since the purported marriage was a nullity. It was not merely voidable. *Mannaro* v. *Mannaro,* 9 Conn. Sup. 100, 101. It was absolutely void. It needed no decree of the court to make it void. And it is, of course, void everywhere, both in Maryland, where it was performed, and in Connecticut, where both parties reside and are domiciled. *Davis* v. *Davis,* 119 Conn. 194, 200; *Donnelly* v. *Donnelly,* 198 Md. 341, 346; General Statutes § 7341.

The plaintiff also orally asks for a decree that the child of the parties be declared legitimate, under a Maryland statute. The short answer is that there is nothing in the complaint asking any such relief.

Furthermore, the Maryland statute (Md. Laws 1950, c. 33, § 1), quoted by the plaintiff in his brief, by its terms applies "whenever any equity Court of this State [i.e., Maryland] has . . . annulled a marriage." It apparently has no bearing on such a decree of annulment entered by a court of any other state. In other words the statute does not purport to make legitimate the issue of a void marriage unless and until a decree for its dissolution shall have been entered by a Maryland court. Here the decree is by a Connecticut court.

Furthermore Maryland has no power to legislate as to the legitimacy of a child born in Connecticut, who has never been in Maryland and whose parents have always been domiciled in and residents of Connecticut and, long before the effective date of the statute, merely went down to Maryland to get married and returned to Connecticut in two or three days.

Our statute (§ 7341) empowers our court to annul a marriage illegal under the laws of the foreign state in which it was celebrated. It does not purport to carry over to Connecticut the foreign law of the state in which the marriage was celebrated as to the legitimacy of the offspring of such marriage. The question of legitimacy under the facts here is governed by the law of Connecticut, which at the time of the child's birth was, and up to the present time continuously has been, the domicil of both parents and of the child. *Schibi* v. *Schibi,* 136 Conn. 196, 200. Technically the legitimacy of a child is determined by the law of the father's domicil at the time of the child's birth. 2 Beale, Conflict of Laws, § 138.1; *Moore* v. *Saxton,* 90 Conn. 164, 166.

A decree of annulment may enter on the ground that the marriage was bigamous because of the defendant's then subsisting valid marriage to a man other than the plaintiff, and the plaintiff is awarded custody of the minor child, subject to reasonable rights of visitation in the respondent. General Statutes § 7341.